LAW OFFICE OF
PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

January 10, 2019

**VIA ECF**
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re:   *Mejia Lopez v. Chappaqua Station New York LLC, et al.*
              Docket No.: 18-CV-8086 (CS)

Dear Judge Seibel:

      This firm represents the Plaintiff, Maria Lopez ("Plaintiff") in the above-referenced matter, who brought claims against her former employer Chappaqua Station New York LLC and its principal owners ("Defendants') for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to provide accurate wage notices at their time of hire pursuant to NYLL § 195(1), and failure to issue accurate wage statements pursuant to NYLL § 195(3). The parties have agreed to a settlement in the amount of $35,000, inclusive of attorneys' fees and costs. Plaintiff respectfully submits this motion pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiffs' FLSA claims.[1] A copy of the parties' settlement agreement is attached hereto as Exhibit A.

      Plaintiff commenced this action September 5, 2018. On September 26, 2018, the Court entered an Order referring this case to mediation. Defendants answered the Complaint October 16, 2018. On September 26, 2018, Defendants provided Plaintiff's counsel with the time and payroll records relative to Plaintiff's employment. Based on the records, Defendants contended that their maximum potential exposure for overtime wages was $5,168.00. Assuming, solely for purposes of settlement, that Plaintiff was able to establish that she was entitled to an additional, equal amount as liquidated damages, Plaintiff's maximum possible recovery under the FLSA was $10,336.00.

      **The Court Should Approve the Settlement Agreement as Fair and Reasonable**

      FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiffs' non-FLSA claims as there is no requirement for the Court to do so.

LAW OFFICE OF PETER A. ROMERO PLLC · LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788 · (631) 257-5588 · overtimelawny.com

Hon. Cathy Seibel
January 10, 2019
Page 2

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id. In this case, Plaintiff has calculated her precise damages, based on Defendants' initial disclosures and her anticipated testimony were this matter to proceed, in order to assess their best possible recovery in this litigation. Making all reasonable assumptions in her favor, Plaintiff's best potential recovery under the FLSA at trial amounts to $5,168.00 for unpaid FLSA wages and $5,168.00 for FLSA liquidated damages.

The settlement was reached only after the parties engaged in document discovery, which permitted a clear assessment of available damages, and after contentious settlement discussions. Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter. Settling at this stage allows the parties to avoid substantial costs and delays. This settlement also avoids potential partial summary judgment motion practice by either party and trial, which would result in a months' or years' long delay to obtaining a recovery for the Plaintiff. Moreover, all parties face the risk of losing at trial, either in whole or in part. Indeed, if Plaintiff were to succeed on liability but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiff would not be entitled to liquidated damages under the FLSA, reducing Plaintiff's available FLSA damages by half. Thus, by settling at this stage, Plaintiff is ensured to timely receive a recovery in this matter. Further, the settlement permits Plaintiff to recover all of the unpaid FLSA wages and full liquidated damages under the FLSA.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Settlement Agreement is limited to the wage-related claims that Plaintiffs asserted in this action. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements).

Hon. Cathy Seibel
January 10, 2019
Page 3

      Here, the release is narrowly tailored to release only claims relevant to the instant action and those relevant to the parties' settlement negotiations. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

### The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable

      Most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $11,423.85, or 1/3 or the net settlement amount after deducting $725.00 for litigation costs. Pursuant to the agreement, Plaintiff will receive $22,851.15, an amount that exceeds her maximum potential recovery under the FLSA, which is $10,336.00. Plaintiffs' counsel's request that the Court approve fees of 1/3 of the settlement is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Courts in this Circuit routinely approve attorney's fees awards in the amount of one-third of the total settlement. See McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Hon. Cathy Seibel
January 10, 2019
Page 4

      Accordingly, Plaintiff's counsel's requests for attorneys' fees and costs in the amount of $12,148.85 should be approved as reasonable.

      In light of the foregoing, Plaintiff respectfully requests that the Court approve the parties' settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement. The Parties will submit a Proposed Stipulation of Dismissal with Prejudice following the Court's entry of an order granting this motion for approval of the settlement of Plaintiffs' FLSA claims.

      Respectfully submitted,

      /S/ Peter A. Romero
      PETER A ROMERO, ESQ.

cc:    All Counsel of Record *via* ECF